**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4057

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LAMONT HENDERSON,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Anderson.  Henry M. Herlong, Jr., District Judge.  (CR-03-614)

Submitted:  June 30, 2005        Decided:  January 11, 2006

Before NIEMEYER, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Melissa J. Kimbrough, Columbia, South Carolina, for Appellant.  J. Strom Thurmond, Jr., United States Attorney, A. Lance Crick, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Lamont Henderson was convicted by a jury of being a felon in possession of firearms, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2000). He was sentenced to 118 months of imprisonment. On appeal, he maintains that he did not knowingly and intelligently waive his right to counsel.* We affirm.

The Sixth Amendment guarantees not only the right to be represented by counsel but the right to self-representation. Faretta v. California, 422 U.S. 806, 819 (1975). The decision to represent oneself must be knowing and intelligent. Id. at 835. Courts must entertain every reasonable presumption against waiver of counsel. Brewer v. Williams, 430 U.S. 387, 404 (1977). The record must show that the waiver was voluntary, knowing, and intelligent. United States v. Gallop, 838 F.2d 105, 110 (4th Cir. 1988). Determination of a waiver of the right to counsel is a question of law to be reviewed de novo. United States v. Singleton, 107 F.3d 1091, 1097 n.3 (4th Cir. 1997). We have reviewed the materials submitted by the parties and conclude that the district court adequately informed Henderson of the dangers of self-representation and sufficiently ensured that his waiver of counsel was knowing and voluntary.

---

*Although in his opening brief Henderson argued that his sentence violated his Sixth Amendment rights under Blakely v. Washington, 542 U.S. 296 (2004), he now concedes in a supplemental brief that his sentence does not violate his Sixth Amendment rights under United States v. Booker, 543 U.S. 320 (2005).

Accordingly, we affirm Henderson's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED